# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BRADLEE MARSHALL ROSS,**

        **Plaintiff,**

    **v.**                                            **CASE NO. 17-3130-SAC-DJW**

**C.O. MRS. HORN, et al.,**

        **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner at the Shawnee County Jail, proceeds pro se and seeks leave to proceed in forma pauperis.

### The Motion to Proceed in forma pauperis

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Here, plaintiff's average monthly deposit is $48.08, and the average balance is $3.62. The court therefore assesses an initial

partial filing fee of $9.50, twenty percent of the average monthly deposit, rounded to the lower half dollar.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action

supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

In this action, plaintiff claims his constitutional rights were violated when defendant Horn, a correctional officer at the jail, directed verbal abuse, including derogatory racial comments, to him in the presence of others. He seeks monetary damages.

Plaintiff's allegations are insufficient to state a claim for relief. The Tenth Circuit has held repeatedly that abusive language directed to a prisoner does not state a claim for relief. *See, e.g., McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001)("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)(stating that "verbal threats and harassment" are among the actions "necessarily excluded from the cruel and unusual punishment inquiry"); and *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)(where sheriff threatened to hang prisoner after prisoner sought to send legal mail, "[v]erbal harassment of abuse of the sort alleged … is not sufficient to state a constitutional deprivation under 42 U.S.C. §1983.").

### Order to Show Cause

Accordingly, the Court will direct plaintiff to show cause to the Honorable Sam A. Crow why this matter should not be dismissed for

failure to state a claim for relief. The failure to file a written, specific response waives de novo review of the matter by the District Judge, see *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985) and also waives appellate review of factual and legal issues. *Makin v. Col. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).

IT IS, THEREFORE, BY THE COURT ORDERED that on or before September 29, 2017, plaintiff shall submit an initial partial filing fee of $9.50 to the clerk of the court.[1] Any objection to this order must be filed on or before the date payment is due. The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

IT IS FURTHER ORDERED that on or before September 29, 2017, plaintiff shall show cause to the Honorable Sam A. Crow why this matter should not be dismissed for failure to state a claim for relief.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 29th day of August, 2017, at Kansas City, Kansas.

> s/ David J. Waxse
> DAVID J. WAXSE
> U.S. Magistrate Judge

---

[1] Plaintiff will be required to pay the balance of the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).